UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

WILLIAM MATZKE,

               Plaintiff,

v.                                                                          Case No. 2:15-CV-53

DANIEL HEYNS, et al.,                                  HON. GORDON J. QUIST

               Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Plaintiff is currently an inmate at Chippewa Correctional Facility and is a practicing Wiccan.

Wiccans celebrate "Sabbats," which the complaint describes as

> Eight solar holidays derived from the myth of the wheel of the year, illustrating the
> Lord's progression as Son, Lover, and Father in the relation to the goddess
> throughout the year, and the struggle between rival twins embodying his two aspects
> of the light and the dark Lord who each rule over half the year.

(ECF No. 1-1 at PageID.45.) "Esbats," on the other hand, are "lunar holidays observing the phases

of the moon which are representations of the Goddess I her three aspects of Maiden, Mother, and

Crone.  Each lunar phase directly correlates with an energy of one of the three aspects of the

Goddess." (*Id.*)  Michigan Department of Corrections Policy Directive 05.03.150 provides that

"group services [are] only authorized for eight annual Sabbats, as identified by the CFA Special

Activity Coordinator; no other group religious services or activities are authorized." (ECF No. 31-1

at PageID.308.)

Plaintiff requested additional group meetings for the thirteen lunar Esbats, and his request

was denied.  After exhausting his administrative remedies, Plaintiff filed the current suit alleging

that Defendants  (1) violated his First Amendment right to the free exercise of religion by denying

basic tenets of his faith; (2) violated the Fourteenth Amendment by imposing special rules on a

single group of individuals based solely on their religious affiliation without  being  reasonably

related to a penological interest; and (3) violated the Religious Land Use and Institutionalized Persons Act (RLUIPA) by imposing substantial burdens on religion without any governmental interest. For relief, Plaintiff requested a declaratory judgment stating that Defendants violated the Constitution, a preliminary and permanent injunction ordering Defendants to provide equal treatment to the Wicca religion by giving equal opportunities afforded to all MDOC recognized religious faiths, and to provide the Lunar Holidays known as Esbats, and compensatory damages of $1,000.00 per equal protection violation, and punitive damages of $10,000.00 against each Defendant.

Defendants moved for summary judgment. Magistrate Judge Greeley issued a Report and Recommendation (ECF No. 29) recommending that Defendants' motion be granted in part, dismissing Plaintiff's claims (1) for monetary damages under RLUIPA; (2) of an equal protection violation; (3) for weekly group Wicca meetings; and (4) as to correctional facility yard and housing rules. The magistrate judge also recommended that the motion be denied as to Plaintiff's claim for thirteen group services per year under RLUIPA and the First Amendment. (*Id.* at PageID.284.)

Plaintiff (ECF No. 31) and Defendants (ECF No. 30) filed objections. Upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1), After conducting a de novo review of the R & R, Plaintiff's Objection, Defendant's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted with modification.

## Plaintiff's Objections

### *Sabbats and Esbats*

Plaintiff's first objection is to the characterization of the complaint. The complaint requests an injunction ordering Defendants to "[p]rovide the opportunity to practice the faith in its entirety

as recognized by the majority of traditions of the faith specifically, the Lunar Holidays known as 'Esbats.'" (ECF No. 1 at PageID.9.) The magistrate judge recommended that "Defendants' motion should be denied as to Plaintiff's claim that Wiccans should be provided thirteen group services per year instead of eight, under the RLUIPA and the First Amendment." (ECF No. 29 at PageID.284.) Plaintiff objects and notes that he is requesting thirteen Esbat group meetings in addition to the eight Sabbat meetings already approved by the MDOC, meaning that the total number of group meetings would be 21. (ECF No. 31 at PageID.293.) The Court agrees with this reading of the complaint. This objection is sustained.

*Equal Protection*

The magistrate judge concluded that the Equal Protection claim should fail because "Plaintiff has not shown that religious groups that have weekly meetings are similarly situated to Wicca with regard to the number of prisoners that practice that particular religion or in the service requirements or traditions of those religions." (ECF No. 29 at PageID.283.) To state an Equal Protection claim, a prisoner plaintiff must "show that 'similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest.'" *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010) (quoting *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir.2003)). Plaintiff's objection essentially restates what was entailed in the complaint, arguing that Defendants violated the Fourteenth Amendment by "imposing special rules on him based solely on his religious affiliation without being reasonably related to a penological interest" through MDOC Policy Directive 05.03.150. (ECF No. 31 at PageID293-94.)

Plaintiff's objection suffers from the same defect as his original claim: it does not identify a similarly situated class of inmates that is being treated differently. The record shows that various sects of Abrahamic religions are afforded time for weekly group meetings. (ECF No. 1-1 at PageID.38.) But, as the R & R points out, Wiccans differ from these faiths in that they tie their

3

religious observation and gatherings to seasonal events and moon phases, rather than a weekly holy day. The relief requested under RLUIPA addresses this issue, and Plaintiff does not even explicitly object to a lack of a weekly meeting. This objection is overruled.

*Monetary Damages*

Plaintiff's final objection is to the R & R's conclusion that his claim for monetary damages should be dismissed; Plaintiff argues that, although RLUIPA does not allow for monetary damages, the violation of the Fourteenth Amendment should. (ECF No. 31 at PageID.296.) As explained above, Plaintiff's Fourteenth Amendment claim fails because he failed to identify a similarly situated group. This objection is overruled as moot.

**Defendants' Objections**

*Substantial Burden*

Defendants' first objection is that the magistrate judge "erred in failing to recommend dismissal of Plaintiff's demand to increase Wiccan group services from eight to thirteen annually since Plaintiff is unable to establish the existence of a 'substantial burden' under RLUIPA." (ECF No. 30 at PageID.285.) RLUIPA provides, in part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). "RLUIPA thus protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721, 125 S. Ct. 211, 2122 (2005). Plaintiffs bear the burden of showing that the challenged policy substantially burdens their exercise of religion. See 42 U.S.C. § 2000cc–2(b).

4

RLUIPA defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A). A government action is a substantial burden "when that action force[s] an individual to choose between 'following the precepts of her religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Living Water Church of God v. Charter Twp. of Meridian*, 258 Fed. Appx. 729, 734 (6th Cir. 2007) (quoting *Sherbert v. Verner*, 374 U.S. 398, 404, 83 S. Ct. 1790, 1794 (1963)).

The R & R found that "Plaintiff has set forth some Wicca doctrine which supports the calm that Wiccans should meet thirteen times a year to celebrate the moon phases, and that the celebration of moon phases is a core universal tenant of the Wicca religion." (ECF No. 29 at PageID.281.) This Court agrees. (See ECF No. 1-1 at PageID.30; 54-56.) Defendants object because "[they] believe that offering eight group services per year rather than thirteen is not a substantial burden under RLUIPA." (ECF No. 30 at PageID.287.) Defendants' objection cannot be squared with the fact that the religious celebration is tied to phases of the moon, and the moon cycles thirteen times per year, rather than eight. This objection is overruled.

*Qualified Immunity*

Defendants' second objection is that the magistrate judge erred in failing to recommend dismissal based on qualified immunity. (ECF No. 30 at PageID.286.) The magistrate judge recommended denying qualified immunity because, in his opinion, "there exists factual issues regarding whether Plaintiff's religious rights were violated under the RLUIPA and the First Amendment when Defendants failed to accommodate Plaintiff's request for thirteen group Wicca services per year." (ECF No. 29 at PageID.284.) The entirety of Defendants' objection reads as follows: "Objection 2: The Magistrate Judge erred in failing to recommend dismissal of Defendants

Heyns, Leach, Woods, Martin and Bolton based on qualified immunity."   (ECF No. 30 at PageID.286.)

Objections to a report and recommendation must be specific.   *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).   "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."   *Drew v. Tessmer*, 36 F. App'x 561 (6th Cir. 2002).   Defendants' objection fails to meet this standard because it was made in the text of a single heading, which is the only mention of qualified immunity in Defendants' objection, and they did not attempt to elaborate on this point.   *See Miller*, 50 F.3d at 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.   The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.") This objection should be overruled on these grounds alone.

Nevertheless, a defendant is entitled to qualified immunity on summary judgment unless the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 231–33, 129 S. Ct. 808, 816 (2009).   The Court may exercise its sound discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."   *Id*. at 236, 129 S. Ct. at 818.

Defendants appear to have argued in their motion for summary judgment that any right that they could have violated was not clearly established at the time of their violation:   "Indeed, Matzke cannot point to any case law in this circuit—and Defendants are aware of none—that stand for the proposition that Wiccans are mandated to engage in weekly and/or monthly services."   (ECF No. 26 at PageID.148.)   To be deemed "clearly established," existing precedent must have placed the

unlawfulness of the officials' conduct "beyond debate." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014).  No Supreme Court or Sixth Circuit precedent mentions, much less establishes, the Wiccans' practice of gathering for Esbats.  Defendants are entitled to qualified immunity.

### Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (ECF No. 29) is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' objection (ECF No. 30) is **SUSTAINED** as to their claim for qualified immunity and **OVERRULED** as to the substantial burden.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 31) is **SUSTAINED** as to the number of additional group meetings sought, and **OVERRULED** as to the Fourteenth Amendment and monetary damages claims.


Dated:  March 28, 2017                          _____/s/ Gordon J. Quist_____
                                                          GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE