UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM MATZKE,

    Plaintiff,

v.                                        Case No. 2:15-cv-53
                                      HON. GORDON J. QUIST

DANIEL HEYNS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a "Motion for Temporary Injunction" (ECF No. 35). Plaintiff requests that the Court order the MDOC to disregard the note within Policy Directive 03.03.150 attachment A and adhere to the tenants of the Wicca faith, including the Sabbats and Esbats. Plaintiff argues that MDOC documents support the conclusion that Sabbats and Esbats should be celebrated by Wiccans. Plaintiff has attached to his motion the MDOC Religious Groups Handbook (PageID.364-372). The handbook sets forth the Wicca holy days, listing the eight Sabbats that the MDOC recognizes "per a settlement agreement entered into by the MDOC." (PageID.371). In addition, the MDOC recognizes that "Monthly Esbats – New moons and full moons are also traditional worship occasions." (PageID.370). It appears that Plaintiff wishes more than simple recognition of the monthly Esbats and is seeking the elimination of the note at Attachment A of the policy directive. It appears that Plaintiff is actually requesting the Court order group worship services to celebrate the monthly Esbats. Trial in this matter is scheduled for October 24, 2017.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the Defendants have violated his federal rights. Plaintiff relies upon the MDOC

Religious Groups Handbook to support his claim that Wiccans require additional group services. However, that document alone does not support Plaintiff's claim that group services are necessary. That document merely reflects that Wicca Holy days include the monthly Esbats. The handbook explains that many Wiccans prefer private worship and that many Wiccans prefer to gather for worship with the eight major holy days "reserved for celebratory ritual" and that "[m]agic is most often performed at the lunar Esbats." (PageID.369). How often Wiccans may be required to gather and celebrate group services is an open question that remains still unresolved in this case. Plaintiff has not shown a substantial likelihood of success on the merits at this stage of the litigation. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for injunctive relief (ECF No. 35) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:     May 16, 2017                    */s/ Timothy P. Greeley*
                                           TIMOTHY P. GREELEY
                                           UNITED STATES MAGISTRATE JUDGE